BRIDGET M. LONG,                        )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )          1:26CV209
                                        )
WILLIAM L. OSTEEN, JR.,                 )
                                        )
                    Defendant.          )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court for review of subject matter jurisdiction. (See Text Order dated Mar. 5, 2026 (directing "Clerk to refrain from issuing a summons in this case, pending a determination of whether the Court possesses subject matter jurisdiction").) Because Plaintiff has not established a basis for this Court's exercise of subject matter jurisdiction, the Court should dismiss this action.

### INTRODUCTION

Plaintiff instituted this action by paying the filing fee (see Receipt of Funds dated Mar. 5, 2026) and filing the Complaint (Docket Entry 1). The Complaint names only one Defendant, William L. Osteen, Jr., a "U.S. Federal District Court Judge" (id. at 2),[1] in "Greensboro" (id.). (See id.) Despite the admonition in the form portion of the Complaint that "[f]ederal courts are courts of

---

[1] Quotations from Plaintiff's filings apply standard capitalization conventions.

limited jurisdiction" (id. at 3; see also id. (explaining that, "[g]enerally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties")), Plaintiff simply wrote "N/A" beneath the directive in the Complaint requiring her to identify "the basis for federal court jurisdiction" (id.). (See id.; see also id. (writing "N/A" thrice more in areas for (1) "[l]ist[ing] the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," (2) alleging Plaintiff's state citizenship, and (3) alleging Defendant's state citizenship, respectively); Docket Entry 2 at 1 (marking box denominating "U.S. Government" as "Defendant" in section of Civil Cover Sheet soliciting "Basis of Jurisdiction" (all-caps, bold, and enlarged font omitted)).)

In the space within the Complaint for Plaintiff to "[w]rite a short and plain statement of [her] claim" (Docket Entry 1 at 4), she wrote:

> The claim is six million dollars. The Defendant willfully and intentional [sic] violated my 14th Amendment U.S. Constitutional guaranteed rights under federal law by intentionally [sic] and willful employment discrimination which was embraced by Fed. Dist. Court Judge William L. Osteen, Jr. in his opinion and court order dated February 24, 2015 granting a dismissal order related to employment retaliation which was determined by the U.S. EEOC in their investigative finding of facts. This is also an obstruction of justice.

(Id. at 4 (emphasis added); see also id. (stating, in relief section of Complaint, that Plaintiff seeks "prosecut[ion]" of

2

"Judge William L. Osteen, Jr.," as well as "punitive damages . . . and extreme damages because [she] believe[s] that [he] intended to destroy [her] life as a black woman standing for herself"); Docket Entry 2 at 1 (checking box designating "Nature of Suit" as "Employment" with hand-written addition of "Court Obstruction of Justice," citing (as basis for "Cause of Action") "US Const. Law 14th Amendment / Equal Protection + 18 USC [§] 1503 Obstruction of Justice," and "[b]rief[ly] descri[bing that] cause [of action]" as "court issued dismissal order of my case denying me the constitutional court right to have my case to be tried for just relief" (all-caps, bold, and enlarged font omitted)).)

The Complaint thus attempts to hold Judge Osteen liable for his decision (more than a decade ago) to grant summary judgment against Plaintiff in Long v. Libertywood Nursing Ctr., No. 1:13CV315, 2015 WL 777717, at *13 (M.D.N.C. Feb. 24, 2015) (unpublished) ("order[ing] that [the d]efendant's [m]otion for [s]ummary [j]udgment . . . [wa]s granted and that [Plaintiff's] action [wa]s dismissed" (all-caps and bold font omitted)), aff'd, 603 F. App'x 224 (4th Cir. 2015), because (A) "there [wa]s not enough evidence in the record to establish a prima facie case of retaliation," id. at *9; see also id. at *10 ("The evidence, even taken in the light most favorable to Plaintiff, does not establish a causal link between [her] filing of an EEOC charge and the decision [of the defendant] not to add her to the schedule and

3

ultimately to terminate her."), *12 ("Without establishing causation, Plaintiff's claim cannot survive summary judgment, and [the d]efendant is entitled to judgment as a matter of law."), and (B) even, "if Plaintiff could show causation sufficient to demonstrate a prima facie case, [her retaliation] claim would still not survive summary judgment," id. at *12, as her "insubordination [wa]s a legitimate nondiscriminatory reason for keeping [her] off of the schedule," id., and she neither had "rebutted th[at] legitimate nondiscriminatory reason, nor ha[d] she produced any evidence that her termination was due to retaliatory animus," id.; see also id. (explaining that, during administrative review, EEOC "applied the mixed-motive framework and found retaliation was a factor in the [defendant's] decision to keep Plaintiff off of the schedule," but that such finding "[wa]s not enough [at summary judgment], as th[e C]ourt must find that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer," and record foreclosed such a finding given "undisputed evidence that Plaintiff was terminated . . . due to her insubordination and [given] undisputed evidence that [she] had not worked for [the d]efendant . . . for three months before filing her first [EEOC] charge" (internal quotation marks omitted)).

4

"The [C]ourt must determine whether it has subject matter jurisdiction over [this] action before proceeding any further." Coley v. United States Postal Serv., No. 1:11CV986, 2013 WL 2474357, at *2 (M.D.N.C. June 10, 2013) (unpublished) (Schroeder, J.). In that regard, "[a] federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) (internal quotation marks omitted); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).[2] Furthermore, "[t]he burden is on the party asserting the jurisdiction of the [C]ourt to show that jurisdiction does, in fact, exist." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968).

Here (as the Introduction documents), the Complaint attempts to bypass the question of subject matter jurisdiction. Regardless, the Complaint does not establish diversity-of-citizenship

---

[2] Similarly, the Court retains inherent authority to review the Complaint for frivolousness. See, e.g., Traywick v. Medical Univ. of S.C., 671 F. App'x 85, 86 (4th Cir. 2016) ("Because [the plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2012), permitting sua sponte dismissal of complaints that fail to state a claim, do not apply. A court has, however, inherent authority to dismiss frivolous complaints." (internal citation omitted)); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.").

jurisdiction, <u>see</u> 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between[:] (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except . . . [lawful permanent residents] domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."). (<u>See</u> Docket Entry 1 at 1 (identifying Plaintiff as North Carolina resident), 2 (same as to Judge Osteen).) And, to the extent the Complaint nominally references federal law in making bald assertions that Judge Osteen (A) "violated [the] 14<u>th</u> Amendment . . . [by] granting a dismissal order" (<u>id.</u> at 4) and (B) thereby engaged in "obstruction of justice" (<u>id.</u>; <u>see also</u> Docket Entry 2 at 1 (citing federal statute criminalizing "obstruction of justice")), "the absolute immunity of [Judge Osteen] would justify the dismissal of a[ny such] claim[s] as frivolous," <u>Clark v. State of Ga. Pardons & Paroles Bd.</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990); <u>see also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."); <u>Clay v. Yates</u>, 809 F. Supp. 417, 427 (E.D. Va. 1992) ("[The] claims against . . . [the j]udge[-defendant] fall squarely within the definition

6

of legal frivolity . . . because it is clear that [he is] immune from suit." (internal quotation marks omitted)), aff'd, No. 93-6534, 36 F.3d 1091 (table), 1994 WL 520975 (4th Cir. Sept. 23, 1994) (unpublished).

"Over the years th[e United States Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). Put another way, "where a claim is obviously without merit, *Hagans* precludes a federal district court from exercising its jurisdiction." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); see also Marshall v. American Broad. Cos., Inc., No. 1:16CV550, 2017 WL 2774265, at *2 (M.D.N.C. June 26, 2017) (unpublished) (Schroeder, J.) ("As to federal question jurisdiction, the court does not lack authority to act simply because a claim lacks merit or is doubtful. But a claim is too insubstantial and frivolous to support federal question jurisdiction when it is obviously without merit." (internal brackets and quotation marks omitted)). Because the Complaint does not identify any non-frivolous, federal claim, Plaintiff has failed to establish a basis for this Court to exercise federal-question

7

jurisdiction over this action. "In addition, because [the C]ourt lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012); accord, e.g., Ferguson v. Wooton, 741 F. App'x 955, 955 (4th Cir. 2018); Smith v. Kagan, 616 F. App'x 90, 90 (4th Cir. 2015); Yi v. Social Sec. Admin., 554 F. App'x 247, 248 (4th Cir. 2014).

<u>CONCLUSION</u>

The Complaint does not establish a basis for this Court to exercise subject matter jurisdiction over this action.

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action for lack of subject matter jurisdiction.[3]

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 3, 2026

---

[3] The Court further may wish to warn Plaintiff that she could face sanctions for engaging in vexatious litigation if she persists in pursuing actions of this sort, as courts have condemned "[m]aking judges defendants in a repetitive series of lawsuits whenever a judge rules against a litigant [as] . . . a tactic employed by many vexatious litigants," In re Martin-Trigona, 9 F.3d 226, 230 (2d Cir. 1993).